UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
30 North Gould Street
Suite 12848
Sheridan, WY 82801,

      Plaintiff,

    v.

UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530

      Defendant.

Civil Action No. 26-2427

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 for declaratory, injunctive, and other relief. Plaintiff seeks, *inter alia*, the immediate processing and release of agency records responsive to one FOIA request by plaintiff.

2. This suit follows defendant's failure to provide a lawful determination with respect to plaintiff's FOIA request, constructive denial of plaintiff's request, failure to respond to plaintiff's requests in the alternative for fee waiver, or its failure to adequately search for, process, or produce certain responsive information or records, all in violation of plaintiff's rights and defendant's lawful obligations under FOIA.

1

**PARTIES**

3.    Plaintiff GAO is a nonprofit research, public-policy, and public-interest litigation center organized under the laws of Wyoming. GAO is dedicated to educating the public about responsible regulation and transparency in government. A key part of that mission is seeking public records that illuminate how policymakers use public resources, and with whom. GAO disseminates the information it obtains under open-records and freedom-of-information laws through publication and other media functions.

4.    Defendant DOJ is a federal agency headquartered in Washington, DC. Through the Attorney General and employees reporting to the Attorney General, the Department of Justice supervises the United States Attorney in each judicial district.

**JURISDICTION AND VENUE**

5.    This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this civil action against an agency of the United States arises under FOIA, a law of the United States.

6.    Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the defendant is a federal agency operating in the District of Columbia, because records are likely held or processed in the District of Columbia, and because this suit is filed in the District of Columbia.

7.    Plaintiff is not required to further pursue administrative remedies with respect to its FOIA request before seeking relief in this Court, because of defendant's failure to respond to the underlying request, its failure to respond to the requests in the alternative for fee waiver, and its failure to provide the required "determination" within the meaning of the FOIA.

**PLAINTIFF'S REQUEST**

8.    On June 4, 2026, plaintiff submitted through FOIA.gov a request to defendant's National Security Division (NSD) and its Foreign Agents Registration Act (FARA) registration unit, using the FOIA.gov portal dedicated to requests of that Division. The request sought all inquiries received by the NSD/FARA Registration Unit in 2025, whether electronic or hard copy, together with any responses thereto, that contain one or more of three specified keywords: "@cpmlegal.com," "Cotchett," or "Niall."

9.    These keywords pertain to a registration by a law firm on behalf of a foreign donor. That donor was financing the law firm's participation in litigation against U.S. interests, as part of a larger litigation campaign seeking to extract large sums from U.S. companies and to change U.S. policies. This subject has received extensive media coverage and is of great public interest.

10.    Plaintiff requested reduction or waiver of its fees on two alternative bases: its status as a representative of the news media, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and the public interest in disclosure of the requested records, 5 U.S.C. § 552(a)(4)(A)(iii). Plaintiff established and supported both bases in its request.

11.    On July 1, 2026, defendant sent an acknowledgement letter by which it assigned the tracking number 26-268.

12.    In that letter, defendant stated: "We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether the processing of your request will result in any assessable fees." The letter otherwise stated only that defendant processes requests "on a first-in, first-out basis" and that "every effort will be made to respond to your request as quickly as possible."

13. Defendant thereby acknowledged plaintiff's requests in the alternative for fee waiver but expressly declined to decide them. Neither in that letter nor at any other time has defendant decided those requests, communicated the scope of the records it intends to produce or withhold, invoked any exemption, provided an estimated date of completion or an estimate of the number of potentially responsive records, or otherwise provided any substantive response.

14. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

15. Under the precedent of this Circuit, an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future is not a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i). To make a "determination" within the statutory deadline, the agency "must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("*CREW*").

16. Defendant has not provided the information required by *CREW*, 711 F.3d at 188.

17. Defendant has failed to provide a determination as to either plaintiff's requests in the alternative for fee waiver or its underlying request for records, and defendant is therefore in violation of its obligations under FOIA.

18. More than twenty working days have elapsed since defendant received plaintiff's request on June 4, 2026, yet defendant has made no determination as required by 5 U.S.C. § 552(a)(6)(A)(i). The twentieth working day after defendant received the request was July 6, 2026. Plaintiff is therefore deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

19. Defendant has yet to inform GAO of the approximate number of potentially responsive records it is processing or expects to process, or to provide any records responsive to the request.

20. Because defendant has failed to comply with the time limits of 5 U.S.C. § 552(a)(6), defendant may not assess search fees or, because plaintiff qualifies as a representative of the news media, duplication fees. 5 U.S.C. § 552(a)(4)(A)(viii).

21. Defendant has thereby failed to provide timely access to agency records in violation of FOIA.

### **COUNT ONE**
### **Violation of FOIA, 5 U.S.C. § 552**

22. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

23. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

24. Plaintiff has a statutory right to the information it seeks, and defendant has unlawfully withheld the information.

25. Plaintiff is not required to further pursue administrative remedies.

26. Defendant's failure to make and communicate a lawful determination, its failure to decide plaintiff's requests in the alternative for fee waiver, and its failure to produce the

requested records violate FOIA, including 5 U.S.C. § 552(a)(3)(A), (a)(4)(A), and (a)(6)(A).

27. Plaintiff asks this Court to enter a judgment that:

a.        Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but defendant has failed to provide the records;

b.        Defendant's processing of plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy defendant's obligations under FOIA;

c.        Defendant must now produce records responsive to plaintiff's request, and must do so without cost to the plaintiff.

28. Plaintiff is entitled to injunctive relief compelling defendant to produce the records responsive to the FOIA request described herein at no cost to the plaintiff.

29. Plaintiff is entitled to injunctive relief compelling defendant to grant the plaintiff's requests in the alternative for a fee waiver.

30. Plaintiff asks the Court to enter an injunction ordering defendant to produce to plaintiff, within 20 business days of the date of the order, the requested records sought in plaintiff's FOIA request described above, and any attachments thereto, at no cost to the plaintiff.

31. Alternatively, plaintiff asks the Court to enjoin defendant from seeking fees for processing and releasing the records that are at issue in this case.

32. Plaintiff asks the Court to order the parties to consult regarding any withheld documents and to file a status report within 30 days after plaintiff receives the last of the produced documents. That report should address defendant's preparation of a *Vaughn* log, a briefing schedule for resolving any challenges by plaintiff to defendant's withholdings,

and any other remaining issues.

## PRAYER FOR RELIEF

Government Accountability & Oversight respectfully requests this Court:

A.      Assume jurisdiction in this matter, and maintain jurisdiction until the defendant complies with FOIA and every order of this Court;

B.      Declare that defendant has violated FOIA by failing to provide plaintiff with the requested information, by failing to respond to plaintiff's requests in the alternative for fee waiver, and by failing to provide the required *CREW* determination within the statutory time limits;

C.      Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 and must be disclosed;

D.      Order defendant to expeditiously provide the requested records to plaintiff within 20 business days of the Court's order;

E.      Order that, because defendant failed to comply with FOIA's time limits, defendant may not assess search fees or duplication fees for processing the request, 5 U.S.C. § 552(a)(4)(A)(viii), and that all responsive records be provided at no cost to plaintiff;

F.      Award plaintiff's attorneys their reasonable fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

G.      Grant such other relief as this Court deems just and proper.

Respectfully submitted this 10th day of July 2026,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com