**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ. A. No. 26-2427 (LLA) |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, the Department of Justice[1] ("Department" or "Defendant"), by and through its undersigned counsel, hereby answers the Amended Complaint (ECF No. 1) filed by Plaintiff Government Accountability & Oversight, in this Freedom of Information Act ("FOIA") case. Defendant expressly denies each and every allegation in the Amended Complaint not specifically admitted or otherwise qualified herein. Defendant reserves its right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to the Defendant through the course of the litigation. To the extent the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; but such references are not intended to be, and should not be construed to be, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff; (2) relevant to this, or any other, action; or (3) admissible in this, or any other, action.

[1] The Department operates a decentralized FOIA system, where each component manages its own FOIA requests. While the Department is a named defendant, this Answer is inclusive of feedback from the National Security Division ("NSD").

**FIRST AMENDED COMPLAINT UNDER THE FREEDOM OF INFORMAITON ACT**[2]

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 1.

2. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 2.

**PARTIES**[3]

3. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4. Defendant admits only that it is a federal agency headquartered in Washington, D.C., that it is a component of the Department of Justice, and that the Department includes the United States Attorney in each judicial district. The remaining allegations in Paragraph 4 are denied.

**JURISDICTION AND VENUE**

5. This paragraph consists of conclusory statements of law, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

---

[2] Merely for ease of reference, the Defendant's Answer replicates the headings contained in the Amended Complaint. Although the Defendant believes no response is required to such headings (Fed R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

[3] For ease of reference, Defendants reproduce the Complaint's headings here. To the extent these headings could be construed to contain factual allegations, those allegations are denied.

6. This paragraph consists of conclusory statements of law, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district for a properly stated FOIA claim.

7. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

**PLAINTIFF'S REQUESTS**

8. Defendant admits Plaintiff submitted an initial FOIA request, dated June 4, 2026. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant admits that Plaintiff sought a fee waiver. The remainder of this paragraph includes conclusory statements of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11. Defendant admits it sent Plaintiff an acknowledgement letter on July 1, 2026, assigning Plaintiff's FOIA request tracking number NSD FOIA #26-268 in response to Paragraph 11.

12. Paragraph 12 consists of Plaintiff's characterization of Defendant's acknowledgment letter. Defendant respectfully refers the Court to Defendant's acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 12.

13. This paragraph consists of conclusory statements of fact and law, to which no response is required. To the extent a response is required, Defendant admits that it sent Plaintiff an acknowledgment letter and refers the Court to that letter for a true and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 13..

14. Defendant admits Plaintiff submitted a second FOIA request, dated July 9, 2026. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 14.

15. Defendant admits that Plaintiff sought a fee waiver. The remainder of this paragraph includes conclusory statements of law, to which no response is required. To the extent a response is required, Defendant refers the Court to the fee waiver for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 15.

16. Defendant admits it sent Plaintiff an acknowledgement letter on July 14, 2026, assigning Plaintiff's FOIA request tracking number NSD FOIA #26-304.

17. Paragraph 17 consists of Plaintiff's characterization of Defendant's acknowledgment letter. Defendant respectfully refers the Court to Defendant's acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 17.

18. Paragraph 18 consists of Plaintiff's characterization of Defendant's acknowledgment letter. Defendant respectfully refers the Court to Defendant's acknowledgement letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 18.

19. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

20. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants respectfully refer this Court to the Freedom of Information Act and cited case law and deny any allegations inconsistent therewith.

21. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendants respectfully refer this Court to the cited caselaw and deny any allegations inconsistent therewith.

22. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant admits it has not provided a final response to Plaintiff's request, but denies the remaining allegations in this paragraph.

23. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

24. Defendant admits that it has not yet informed Plaintiff of the approximate number of potentially responsive records it is processing or expects to process and has not provided responsive records to Plaintiff. Defendant's search is currently ongoing; Defendant will inform Plaintiff of the approximate number of potentially responsive records it is processing once its search is complete. Defendant denies the remaining allegations in this paragraph.

25. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

26. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent therewith.

**COUNT ONE**
**Violation of FOIA 5 U.S.C. § 552**

27. Defendant incorporates by reference its responses to all preceding paragraphs.

28. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

29. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

30. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

31. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

32. This paragraph and its subparts consist of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

33. Denied.

34. Denied.

35. This paragraph consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

36. This paragraph consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

37. This paragraph consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

**PRAYER FOR RELIEF**

The remainder of the Amended Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

Defendant denies all allegations of the Amended Complaint not expressly admitted or denied above.

**DEFENSES**

In further response to the Amended Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to the Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim for which relief can be granted, as Defendant has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522 or the Privacy Act, 5 U.S.C. § 522a.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under FOIA.

**FOURTH DEFENSE**

Defendant has exercised due diligence in response to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA request.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs.

**SIXTH DEFENSE**

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**SEVENTH DEFENSE**

Plaintiff's request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or present an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

Dated: August 21, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Catherine J. Malycke*
CATHERINE J. MALYCKE
VA Bar No. 84952
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 809-3495
Catherine.Malycke@usdoj.gov

*Attorneys for the United States of America*